UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DAVID MATHEW,

      Plaintiff,

vs.

MORSELIFE HEALTH SYSTEM, INC.,
A Florida Corporation,

      Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, DAVID MATHEW, by and through his undersigned counsel, and sues the Defendant, MORSELIFE HEALTH SYSTEM, INC. (hereinafter, referred to as "MORSELIFE" or "Defendant") and allege as follows:

1. That Plaintiff, a former employee of the Defendant, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.. The gravamen of this case is that the Plaintiff was retaliated against for pursuing his rights under the FLSA in violation of Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendant was the employer of the Plaintiff, was conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-

1

retaliation provision of the FLSA.  "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6. Plaintiff worked for Defendant (specifically the Levin Palace) as a driver beginning in November of 2021 and was to be paid bi-weekly at $16.00 per hour, working approximately 40 hours per week.

7. In late December/early January of 2022, Plaintiff went to pick up his paycheck, yet was informed that his check was given to another employee, and already cashed, denying Plaintiff even the basic minimum wages.

8. Plaintiff was upset over this incident because he was being given the runaround to correct the issue, despite Plaintiff needing these funds.

9. Plaintiff then escalated his concern to his manager, asking about this check, and his manager accused him of making up this story in an effort to obtain a second check.

10. Plaintiff then demanded the funds as he had not been paid his owed wages.

11. Several days later, Plaintiff was finally paid in cash, never actually receiving the paycheck.

12. What followed was his termination on January 18, 2022, with wild allegations that Plaintiff was bullying co-workers.

13. There were no warning or prior discipline, but rather immediate termination, just days after Plaintiff complained about receiving his owed pay.

14. There is no question that the Defendants retaliated against the Plaintiff for his complaints.

## COUNT I
## FLSA RETALIATION

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

15. The Defendant, MORSELIFE's termination of Plaintiff was directly in retaliation for his complaints of FLSA violations.

16. The Defendant, MORSELIFE terminated the Plaintiff for him lawfully having engaged in statutorily protected activity.

17. The Defendant, MORSELIFE's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, DAVID MATHEW, demands judgment against the Defendant, MORSELIFE, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, DAVID MATHEW, demands trial by jury.

Dated: May 31, 2022.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920